Hon. Robert J. Bryan

FILED ___ LODGED
___ RECEIVED

APR 28 2016

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
                                    DEPUTY
BY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHANNON SOBASKI, <br><br> Defendant. | NO. CR15-5410-RJB <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Matthew P. Hampton, Assistant United States Attorney, SHANNON SOBASKI, and his attorney, Colin Fieman, enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. **Waiver of Indictment.** Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charges brought by the United States Attorney in a Superseding Information.

2. **The Charge.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to a Superseding Information charging him with one count of the crime of Transportation of Obscene Matters, in violation of Title 18, United States Code, Section 1462(a).

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense of Transportation of Obscene Matters, in violation of Title 18, United States Code, Section 1462(a), as charged in Count 1, are as follows:

First, the defendant knowingly used an interactive computer service to transport certain articles in interstate commerce;

Second, the defendant knew, at the time of such transportation, the general nature of the content of the articles; and

Third, the articles were obscene, lewd, or lascivious.

4. **The Penalties.**

Defendant understands that the statutory penalties applicable to Count 1, Transportation of Obscene Matters, are as follows: imprisonment for up to five (5) years, a fine of up to $250,000, a period of supervision following release from prison of up to three (3) years, and a $100 special assessment.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Defendant agrees that any monetary penalty the Court imposes, including the special assessments, fines, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Forfeiture of Assets.** Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of Count 1, as well as any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, Count 1, including but not limited to:

   a. any and all images of child pornography, in whatever format and however stored;

   b. Moto X Cellphone, Model XT 1055 FCCID IHDT56PB3;

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  c. Sony SGP311 Tablet S/N 430100660040068;

  d. Custom Computer Tower S/N RC912KKN11112600226 (with the following hard drives inside): 1) Western Digital 2TB WD20EARX S/N WCAZAK274476, 2) Western Digital 500GB WD5002ABYS S/N WMASY7627648, 3) Barracuda 320GB S/N 22AFQABW, and 4) Crucial 128GB m4 SSD 2.5 S/N 1239091741C5; and

  e. San Disk 1GB SD Card S/N BB0720312050D.

With respect to computers, digital devices, and digital or electronic media, Defendant agrees to forfeit the items and all files, data, and other contents of the items.

  7. **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense:

On August 27, 2015, law enforcement officers searched SHANNON SOBASKI's home, vehicle, and person in Cason, Washington. Mr. SOBASKI truthfully admitted to the officers that he used digital devices at his home to access child pornography over the Internet and download it.

Officers seized a number of digital devices from Mr. SOBASKI, including those specified above in Paragraph 6, all of which he knew contained child pornography. A forensic review of these devices revealed at least 600 images and videos containing minors, including prepubescent minors and minors under the age of twelve, engaged in sexually explicit conduct. The images and videos also included depictions of minors engaged in sadistic and masochistic conduct, in addition to depictions of infants and toddlers.

Mr. SOBASKI knowingly possessed the images and videos found on the seized devices, as he intentionally downloaded them and stored them on his devices. They were obscene, lewd, and lascivious. On at least one occasion during 2015, Mr. SOBASKI knowingly used an interactive computer service to transport the images in interstate commerce, as he downloaded them from the Internet via his computer. Mr. SOBASKI

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

knew the general nature of the images and videos at the time he transported them, as he knew they were child pornography.

8. **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

a. The Court will determine applicable Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. **Acceptance of Responsibility.** At sentencing, if the district court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

10. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 22 pursuant to USSG § 2G2.2, which is cross referenced from USSG § 2G3.1, because the offense involved distributing, receiving, and possessing material involving the sexual exploitation of a minor;

    b. A two-level reduction pursuant to USSG § 2G2.2(b)(1);

    c. A two-level increase pursuant to USSG § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who has not attained the age of 12 years;

    d. A four-level increase pursuant to USSG § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence;

    e. A two-level increase pursuant to USSG § 2G2.2(b)(6) for use of a computer;

    f. A five-level increase pursuant to USSG § 2G2.2(b)(7)(D) because the offense involved more than 600 images.

The parties are free to argue for the application of any other Sentencing Guidelines provisions they believe are appropriate.

11. **Sentencing Recommendation.** The parties agree that both parties will recommend a total term of imprisonment within a range of thirty-six (36) to sixty (60)

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

months. Each party is free to recommend any sentence within that range. The parties agree that both parties will recommend a term of supervision following release from imprisonment of three (3) years. Defendant understands that the Court is not bound by the parties' sentencing recommendation, and may impose any sentence authorized by law. The parties are free to recommend whatever each believes is appropriate with respect to all other aspects of the sentence.

12. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

13. **Non-Prosecution of Additional Offense.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement, if he breaches this Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

15. **Waiver of Appeal**. Defendant acknowledges that by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the Court. Defendant further agrees that, provided the Court imposes a total sentence of imprisonment that does not exceed sixty (60) months, Defendant waives to the full extent of the law:

a. any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

  b. any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

  This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.
If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

  16. **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his pleas of guilty.

  17. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

//

//

//

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 28th day of April, 2016.

*[signature]*
SHANNON SOBAKSI
Defendant

*[signature]*
COLIN FIEMAN
Attorney for Defendant

*[signature]*
MICHAEL DION
Assistant United States Attorney

*[signature]*
MATTHEW HAMPTON
Assistant United States Attorney

PLEA AGREEMENT/SOBASKI
(Case No. CR15-05410-RJB - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970